IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM CUTHBERTSON,            §
                                §
                Plaintiff,      §
                                §   Civil Action No. 3:10-CV-2107-D
VS.                             §
                                §
AMERICAN FEDERATION OF          §
GOVERNMENT EMPLOYEES,           §
                                §
                Defendant.      §

MEMORANDUM OPINION
AND ORDER

     Plaintiff William Cuthbertson ("Cuthbertson") sues defendant

American Federation of Government Employees ("AFGE"), alleging that

AFGE violated Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e *et seq*., and the Texas Labor Code by

harassing him based on his Caucasian race and male sex and

retaliating against him after he engaged in protected conduct.  He

also asserts a claim for breach of contract, alleging that AFGE

breached a written contract of employment of specific duration by

terminating him without good cause and in retaliation for his

protected conduct.  AFGE moves to dismiss Cuthbertson's amended

complaint under Fed. R. Civ. P. 12(b)(6), contending that he has

failed to plead claims on which relief can be granted.  The court

grants the motion in part and denies it in part and grants

Cuthbertson leave to file a second amended complaint.[1]

_____

     [1]Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[] issued by the

Cuthbertson's claims of harassment and retaliation under Title VII and the Texas Labor Code satisfy the requirement of Rule 8 that they contain a short and plain statement showing that Cuthbertson is entitled to relief. The allegations of the amended complaint give AFGE fair notice of what his claims are and the grounds on which they rest. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002).[2]

Cuthbertson's breach of contract claim, however, is not adequately pleaded. Cuthbertson must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged——but it has not 'shown'——that the pleader is entitled to relief." *Id.* at 1950 (alteration

court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The Supreme Court has continued to cite and follow *Swierkiewicz* after its later decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009). *See, e.g., Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011)

omitted) (quoting Rule 8(a)(2)).

Under Texas law, a claim for breach of contract requires a showing of (1) the existence of a valid contract, (2) that the plaintiff performed his duties under the contract, (3) that the defendant breached the contract, and (4) that the plaintiff suffered damages as a result of the breach. *E.g., Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003) (Texas law). Cuthbertson alleges as his third cause of action that he and AFGE "were parties to a written contract of employment for a specific duration." Am. Compl. ¶ 28. He avers that AFGE breached the contract "by terminating [him] without good cause and in retaliation for his protected conduct." *Id.* But nowhere in the preceding 27 paragraphs of his amended complaint does he mention the word "contract" or provide any facts about the contents of the contract. The court is therefore unable to say, for example, that the contract even required that AFGE have good cause to terminate his employment, or that AFGE could have breached the contract (as opposed to have violated Title VII or the Texas Labor Code) by terminating him in retaliation for engaging in protected conduct. Consequently, Cuthbertson has failed to plead a plausible breach of contract claim, and AFGE is entitled to dismissal of the claim.

Although the court is in part granting the motion to dismiss, it will permit Cuthbertson to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading

deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Cuthbertson has already filed one amended complaint, but he did that voluntarily, after AFGE filed a motion to dismiss his complaint, not because the court deemed his complaint deficient. Moreover, there is no indication that Cuthbertson cannot, or is unwilling to, cure his defective breach of contract claim. The court therefore grants Cuthbertson 30 days from the date this memorandum opinion and order is filed to file a second amended complaint.

*     *     *

For the reasons explained, the court grants in part and denies in part AFGE's motion to dismiss. Cuthbertson may file a second amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

April 13, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE